# In The United States Court of Appeals
# For The Eleventh Circuit

---

**STATE OF FLORIDA, ET AL.,**
*Plaintiffs-Appellants*,

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, ET AL.,**
*Defendants-Appellees*.

---

Appeal from the United States District Court
for the Middle District of Florida
Case No. 8:24-cv-01080-WFJ-TGW

---

## PETITION FOR PANEL REHEARING

---


James Uthmeier
*Attorney General*
David Dewhirst
*Solicitor General*
Jason Muehlhoff
*Chief Deputy Solicitor General*
FLORIDA OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
Jason.Muehlhoff@myfloridalegal.com

*Counsel for Plaintiff-Appellant State of Florida*

James R. Conde*
Nicholas Cordova
Walker Fortenberry
BOYDEN GRAY PLLC
800 Connecticut Ave NW, Suite 900
Washington, DC 20006
(202) 955-0620
jconde@boydengray.com

* *Lead Counsel for Plaintiffs-Appellants Florida Agency for Health Care Administration and Florida Department of Management Services*

**Additional counsel listed on next page*

Matthew S. Bowman
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 (fax)
mbowman@ADFlegal.org

Julie Marie Blake
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-4655
(571) 707-4790 (fax)
jblake@ADFlegal.org

David A. Cortman
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road NE,
Suite D1100
Lawrenceville, Georgia 30043
(770) 339-0774
(770) 339-6744 (fax)
dcortman@ADFlegal.org

*Counsel for Plaintiff-Appellant*
*Catholic Medical Association*

Glenn Rininger
*General Counsel*
FLORIDA AGENCY FOR HEALTH CARE
ADMINISTRATION
2727 Mahan Drive, Mail Stop #3
Tallahassee, Florida 32308
(850) 412-3686
Glenn.Rininger@
ahca.myflorida.com

*Counsel for Plaintiff-Appellant*
*Florida Agency for Health Care*
*Administration*

Kristen Larson
*General Counsel*
FLORIDA DEPARTMENT OF
MANAGEMENT SERVICES
4050 Esplanade Way
Tallahassee, Florida 32399
(850) 922-2137
kristen.larson@dms.fl.gov

*Counsel for Plaintiff-Appellant*
*Florida Department of Management*
*Services*

**AMENDED CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT**

Plaintiffs-Appellants State of Florida, Florida Department of Management Services, Florida Agency for Health Care Administration, and Catholic Medical Association file this Certificate of Interested Persons and Corporate Disclosure Statement pursuant to Eleventh Circuit Rules 26.1-1 through 26.1-3.

No publicly traded company has an interest in the outcome of this appeal. The following individuals and entities may have an interest in the outcome of this case:

Akey, Angeli Maun, of Gainesville, Florida

Alliance Defending Freedom

Blake, Julie Marie, Alliance Defending Freedom

Bowman, Matthew S., Alliance Defending Freedom

Boyden Gray PLLC

Catholic Medical Association

Centers for Medicare and Medicaid Services

Conde, James Ryan, Boyden Gray PLLC

Cordova, Nicholas A., Boyden Gray PLLC

Cortman, David Andrew, Alliance Defending Freedom

Department of Health and Human Services

Dewhirst, David, Florida Attorney General's Office

Florida Agency for Health Care Administration

Florida Attorney General's Office

Florida Department of Management Services

Fortenberry, Walker, Boyden Gray PLLC

Guard, John M., Florida Attorney General's Office

Holland, Liam C., U.S. Department of Justice

Honold, Ashley Cheung, U.S. Department of Justice

Huang, Allen L., Florida Attorney General's Office

Jung, William Frederic, U.S. District Judge

Kaiser, Rachel T., of Nashville, Tennessee

Kehoe, Gregory W., U.S. Attorney for the Middle District of Florida

Kennedy, Jr., Robert F., Secretary, Department of Health and Human Services

Larson, Kristen, Florida Department of Management Services

Muehlhoff, Jason, Florida Attorney General's Office

Oz, Mehmet, Administrator, Centers for Medicare and Medicaid Services

Parker, Michael S., of Mansfield, Ohio

Pope, Allison Holly, Alliance Defending Freedom

Rininger, Glenn, Florida Agency for Health Care Administration

Scarborough, Charles W., U.S. Department of Justice

Sherwood, Zachary, U.S. Department of Justice

Stannard, Paula M., Director, Office for Civil Rights, Department of Health and Human Services

Uthmeier, James, Florida Attorney General

Van Meter, Quentin L., of Atlanta, Georgia

Wilson, Thomas G., U.S. Magistrate Judge

## TABLE OF CONTENTS


INTRODUCTION AND RULE 40(B) STATEMENT ............................... 1

BACKGROUND ........................................................................ 3

REASONS FOR GRANTING THE PETITION ....................................... 7

I. The Panel Opinion Overlooks Plaintiffs-Appellants' Challenge to the Rule's Disparate-Impact Provision, Which *Tennessee* Did Not Vacate in Full ........................................... 7

II. This Court Should Hold This Petition in Abeyance Pending Resolution of the Petition for Certiorari in *HHS v. Texas Medical Ass'n* ........................................................................ 10

CONCLUSION ........................................................................ 12

## TABLE OF CITATIONS

**Page(s)**

**Cases**

*Florida v. HHS*,
739 F. Supp. 3d 1091 (M.D. Fla. 2024) .......... 4, 8

*Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*,
No. 25-14065, Dkt. No. 82 (11th Cir. Oct. 13, 2026) .......... 12

*Knox v. Service Employees International Union, Local 1000*,
567 U.S. 298 (2012) .......... 9, 11

*Nat'l Ass'n of Mfrs. v. Dep't of Def.*,
583 U.S. 109 (2018) .......... 11

*Tennessee v. Kennedy*,
807 F. Supp. 3d 613 (S.D. Miss. 2025) .......... 2, 5, 9

*Texas Medical Ass'n v. HHS*,
188 F.4th 359 (5th Cir. 2026) .......... 7

*United States v. Texas*,
599 U.S. 670 (2023) .......... 10

**Statutes**

42 U.S.C. § 18116 .......... 3

**Other Authorities**

42 C.F.R. § 438.3(d)(4) .......... 3, 4, 7, 9

45 C.F.R. § 92.101(a)(2)(iv) .......... 3

Fed. R. App. P. 40(b)(1) .......... 7, 9

*Nondiscrimination in Health Programs and Activities*,
89 Fed. Reg. 37,522 (May 6, 2024) .......... 2, 3

## INTRODUCTION AND RULE 40(B) STATEMENT

This case is not moot. This Court held otherwise only by overlooking an independent, fully briefed argument that keeps it live. Plaintiffs-Appellants the State of Florida, the Florida Agency for Health Care Administration, the Florida Department of Management Services, and the Catholic Medical Association (collectively, "Plaintiffs-Appellants") therefore respectfully petition for panel rehearing pursuant to Fed. R. App. P. 40. In the alternative, Plaintiffs-Appellants respectfully request that the Court hold this petition for rehearing and place the case in a temporary abeyance pending the Supreme Court's disposition of a recent petition for a writ of certiorari filed by the United States that could seriously undermine the panel opinion.

Plaintiffs-Appellants challenged two distinct parts of a 2024 U.S. Department of Health and Human Services ("HHS") rule: (1) the Rule's interpretation of Title IX's prohibition of discrimination "on the basis of sex" to prohibit discrimination on the basis of gender identity; and (2) the Rule's authorization of disparate-impact liability on the basis of race, national origin, sex, and other protected characteristics. *See*

*Nondiscrimination in Health Programs and Activities*, 89 Fed. Reg. 37,522 (May 6, 2024) (the "2024 Rule" or "Rule").

This Court dismissed the case as moot based on an out-of-circuit district court's limited partial universal vacatur of the 2024 Rule. *Florida v. HHS*, No. 25-12095, 2026 WL 2618386 (11th Cir. Sept. 4, 2026), Ex. A ("Op."); *see Tennessee v. Kennedy*, 807 F. Supp. 3d 613 (S.D. Miss. 2025). Because that vacatur did not fully vacate the Rule's disparate-impact provision challenged by Plaintiffs-Appellants, it did not moot this case: broader relief remains possible. Plaintiffs-Appellants pressed this point in both briefs, but the panel opinion never addresses it in the mootness analysis. That apparent oversight is outcome-determinative, so the Court should grant rehearing and correct course by holding that the case is not moot.

In the alternative, the Court should hold this petition in abeyance pending the Supreme Court's disposition of the United States' petition for certiorari in *HHS v. Texas Medical Ass'n*, No. 26-491 (U.S. filed Oct. 14, 2026). The United States' petition asks the Supreme Court to hold that the Administrative Procedure Act ("APA") does not authorize universal vacatur. If the Supreme Court agrees, the necessary premise of

this Court's mootness holding would no longer be good law, and the holding would therefore be drawn into serious question if not fatally undermined. *See* Pet. for Writ of Cert. (I) ("U.S. Pet."), Ex. B; Op. 21 n.9. Accordingly, the Court should hold this petition until the Supreme Court denies certiorari in *Texas Medical Ass'n* or resolves the case on the merits. Plaintiffs-Appellants will promptly notify this Court should the Supreme Court deny the petition for a writ of certiorari or issue a merits judgment.

## BACKGROUND

The 2024 Rule purports to implement Section 1557 of the Affordable Care Act, 42 U.S.C. § 18116. 89 Fed. Reg. 37,522. Among other things, the Rule redefines discrimination "on the basis of sex" to include discrimination on the basis of gender identity, 45 C.F.R. § 92.101(a)(2)(iv), and reads Section 1557 and the Social Security Act to authorize disparate-impact liability on the basis of gender identity, sexual orientation, and other protected characteristics, 42 C.F.R. § 438.3(d)(4).

On May 6, 2024, Plaintiffs-Appellants sued in the Middle District of Florida, challenging the Rule under the APA, the Spending Clause, the

First Amendment, and the Religious Freedom Restoration Act. Compl., *Florida v. HHS*, No. 8:24-cv-01080 (M.D. Fla. May 6, 2024), Dkt. No. 1. Relevant here, Plaintiffs-Appellants challenged the Rule's (1) redefinition of discrimination "on the basis of sex" under Title IX, and hence Section 1557, to reach gender identity, sex characteristics, and sex stereotypes; and (2) sweeping mandate, under Section 1557 and the Social Security Act, requiring that State contracts with managed-care and similar organizations prohibit "any policy or practice that has *the effect of* discriminating on the basis of race; color; national origin; disability; or sex which includes discrimination on the basis of sex characteristics, including intersex traits; pregnancy or related conditions; sexual orientation; gender identity; and sex stereotypes." 42 C.F.R. § 438.3(d)(4) (emphasis added).

On July 3, 2024, the district court stayed and preliminarily enjoined the challenged provisions of the 2024 Rule within Florida and as applied to the Florida Plaintiffs-Appellants. *Florida v. HHS*, 739 F. Supp. 3d 1091, 1104–08 (M.D. Fla. 2024). HHS filed an interlocutory appeal, and the district court temporarily stayed proceedings pending the appeal.

Dkt. Nos. 46, 47, 50. After a change in administration, HHS dismissed its appeal. Dkt. No. 70.

On remand, the district court directed the clerk to "lift the stay and convert the administrative closure into a full closure." Dkt. No. 71. When Plaintiffs-Appellants filed a motion to reopen and to clarify the order's effect on the stay and preliminary relief, the district court denied the motion and dismissed the case "without prejudice as moot." Dkt. Nos. 73, 76, 79. Plaintiffs-Appellants appealed the district court's dismissal order. Dkt. No. 80.

While this appeal was pending, the District Court for the Southern District of Mississippi vacated the 2024 Rule's provisions in part. *See Tennessee*, 807 F. Supp. 3d at 630. Specifically, the court narrowly vacated a list of specific offending provisions, and then only "to the extent that they expand Title IX's definition of sex discrimination to include gender-identity discrimination," leaving the Rule's prohibition of disparate impacts on the basis of race, color, national origin, disability, sex, and sexual orientation intact. *Id.* at 629–30.

On appeal, Plaintiffs-Appellants argued that the case remained live because, even if the judgment in *Tennessee* universally vacated the Rule's

gender-identity provisions, Plaintiffs-Appellants could still obtain broader relief, including, as relevant here, full vacatur of the Rule's prohibition of disparate impacts on the basis of race, national origin, sex, sexual orientation, and other protected bases that *Tennessee* did not reach. Pls.' Br. 5, 33, 53–55.

On September 4, 2026, this Court dismissed the appeal as moot. Op. 2, 25. Specifically, the Court reasoned that the *Tennessee* vacatur "made void each provision of the 2024 Rule that the plaintiffs challenged in this case." Op. 20. The Court held that Plaintiffs-Appellants' requests for party-specific injunctive and declaratory relief, and their non-APA claims, were moot for the same reason. Op. 21–24. But the panel opinion's analysis does not address Plaintiffs-Appellants' separate argument that, because the *Tennessee* court did not vacate the Rule's authorization of disparate-impact liability on other protected bases, Plaintiffs-Appellants could still obtain broader relief against that portion of the Rule because declaratory, injunctive, and full vacatur relief against the disparate-impact provision in its entirety remains possible.

On October 14, 2026, the U.S. Solicitor General filed a petition for a writ of certiorari in *HHS v. Texas Medical Ass'n*, No. 26-491, seeking

review of *Texas Medical Ass'n v. HHS*, 188 F.4th 359 (5th Cir. 2026). The petition asks the Supreme Court to decide whether the APA authorizes universal vacatur of agency rules. U.S. Pet. (I).

## REASONS FOR GRANTING THE PETITION

### I. THE PANEL OPINION OVERLOOKS PLAINTIFFS-APPELLANTS' CHALLENGE TO THE RULE'S DISPARATE-IMPACT PROVISION, WHICH *TENNESSEE* DID NOT VACATE IN FULL

Panel rehearing is warranted because the panel opinion overlooks a "point of law or fact" that independently precludes mootness. Fed. R. App. P. 40(b)(1). The panel opinion states that the *Tennessee* vacatur "made void each provision of the 2024 Rule that the plaintiffs challenged in this case." Op. 20. But Plaintiffs-Appellants also challenged the Rule's disparate-impact mandate, *see* 42 C.F.R. § 438.3(d)(4), and *Tennessee* vacated that provision only insofar as it reaches gender identity. The rest of the disparate-impact mandate—its prohibition of disparate impacts on the basis of race, color, national origin, disability, sex, and sexual orientation—remains in force, and Plaintiffs-Appellants' challenge therefore remains live.

Plaintiffs-Appellants pressed this argument at every stage of this case. The complaint challenged the disparate-impact mandate by name,

Compl. ¶¶ 156, 235, and the district court preliminarily enjoined it, holding that HHS lacks authority to prohibit "disparate impacts," *Florida*, 739 F. Supp. 3d at 1107–08.

On appeal, Plaintiffs-Appellants argued that this independent challenge, if successful, would yield "a broader vacatur of the Final Rule" extending "to categories including sex, sexual orientation, race and ethnicity, and national origin," so the case is "not moot." Pls.' Br. 55 (citation omitted).

HHS offered only two responses: that § 438.3(d)(4) "has been vacated in relevant part," and that "it is not clear from plaintiffs' complaint that they challenged the Rule on this basis." HHS Br. 20. In reply, Plaintiffs-Appellants pointed out that *Tennessee*'s vacatur reached, at most, the provision's reference to gender identity, and that the complaint expressly challenged the disparate-impact mandate more broadly, as the district court recognized when it fully enjoined it on that basis. Reply Br. 23–25.

Despite this, the panel opinion's mootness analysis omits any reference to this argument. The panel opinion catalogues the provisions that *Tennessee* vacated, *see* Op. 17–20, but the *Tennessee* court vacated

the relevant provisions only "to the extent that they expand Title IX's definition of sex discrimination to include gender-identity discrimination," *Tennessee*, 807 F. Supp. 3d at 629–30, thereby leaving in place the Rule's prohibition of disparate impacts on every other basis—race, color, national origin, disability, sex, and sexual orientation. 42 C.F.R. § 438.3(d)(4).

Panel rehearing is warranted to correct that oversight, *see* Fed. R. App. P. 40(b)(1), which undercuts the panel's mootness analysis. *See* Op. 21–24. Because the district court could still vacate, declare unlawful, or enjoin the disparate-impact provision of the Rule on a broader basis than gender identity, Plaintiffs-Appellants' challenge is not moot. *See Knox v. Service Employees International Union, Local 1000*, 567 U.S. 298, 307 (2012). Requiring Plaintiffs-Appellants to file a new suit bringing the same challenge after they have already invested considerable resources and obtained party-specific preliminary relief would be wrong and wasteful. The Court should therefore grant panel rehearing.

## II. THIS COURT SHOULD HOLD THIS PETITION IN ABEYANCE PENDING RESOLUTION OF THE PETITION FOR CERTIORARI IN *HHS V. TEXAS MEDICAL ASS'N*

In the alternative, this Court should hold this petition for rehearing and place the case in a temporary abeyance until the Supreme Court resolves the Solicitor General's petition for a writ of certiorari in *Texas Medical Ass'n*. If the Supreme Court grants the petition, it will finally resolve whether the APA authorizes universal vacatur as a remedy for unlawful agency action. *See* U.S. Pet. (I).

That issue bears directly on the Court's mootness holding, which rests entirely on the *Tennessee* court's purported universal vacatur of some of the portions of the 2024 Rule provisions that Plaintiffs-Appellants challenged. Op. 20–22. The panel opinion recognizes that the validity of universal vacatur is contested, noting that the Supreme Court has expressly left open whether the APA authorizes universal vacatur. Op. 21 n.9 (citing *Trump v. CASA, Inc.*, 606 U.S. 831, 847 n.10 (2025)); *see also United States v. Texas*, 599 U.S. 670, 693–702 (2023) (Gorsuch, J., concurring in the judgment). As Plaintiffs-Appellants explained, the United States "vigorously disputes" that the APA authorizes universal vacatur, Reply Br. 20 (quoting *Texas*, 599 U.S. at 693 (Gorsuch, J.,

concurring in the judgment)), and it has now asked the Supreme Court to say so in a petition for a writ of certiorari that raises no other question. U.S. Pet. (I).

The panel's mootness analysis would be drawn into serious question should the Supreme Court hold that the APA does not authorize universal vacatur. The continued universal effect of the *Tennessee* judgment would be drawn into serious question as to non-parties such as Plaintiffs-Appellants, undermining this Court's mootness analysis. *See Knox,* 567 U.S. at 307–08; *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 583 U.S. 109, 120 n.5 (2018). Holding this petition for rehearing and placing the case in abeyance pending the outcome in *Texas Medical Ass'n* will therefore ensure that a correct understanding of the APA's remedies controls this appeal.

Holding the petition and placing the case in abeyance would also conserve resources. If this Court denies rehearing and the Supreme Court grants certiorari in *Texas Medical Ass'n*, Plaintiffs-Appellants will likely elect to seek certiorari to preserve their rights, asking the Supreme Court to hold the petition pending the disposition of *Texas Medical Ass'n*. If the Supreme Court ultimately agrees with the United States and

rejects universal vacatur, then the Supreme Court would likely grant, vacate, and remand this Court's judgment, returning this case to this Court anyway. A brief abeyance now would spare the parties and the courts that unnecessary detour.

Holding a petition for rehearing in abeyance pending a Supreme Court decision is not unusual for this Court. Just last week, this Court did so sua sponte. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, Dkt. No. 82 (11th Cir. Oct. 13, 2026). The Court should do the same here.

If the Court agrees to hold this petition for rehearing in abeyance, Plaintiffs-Appellants will promptly notify the Court should the Supreme Court deny or grant certiorari in *Texas Medical Ass'n*. Should the Supreme Court grant certiorari, Plaintiffs-Appellants will promptly notify the Court of any merits judgment.

## <u>CONCLUSION</u>

This Court should grant panel rehearing. In the alternative, this Court should hold this petition in abeyance pending the Supreme Court's resolution of the petition for certiorari in *HHS v. Texas Medical Ass'n*, No. 26-491.

Dated: October 19, 2026

Respectfully submitted,


James Uthmeier
*Attorney General*
David Dewhirst
*Solicitor General*

/s/ *Jason Muehlhoff*
Jason Muehlhoff*
*Chief Deputy Solicitor General*
FLORIDA OFFICE OF THE ATTORNEY GENERAL
The Capitol, PL-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
Jason.Muehlhoff@myfloridalegal.com

** Counsel of Record for Plaintiff-Appellant State of Florida*

/s/ *Matthew S. Bowman*
Matthew S. Bowman*
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 (fax)
mbowman@ADFlegal.org

Julie Marie Blake
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-4655
(571) 707-4790 (fax)
jblake@ADFlegal.org

/s/ *James R. Conde*
James R. Conde*
Nicholas Cordova
Walker Fortenberry
BOYDEN GRAY PLLC
800 Connecticut Ave NW,
Suite 900
Washington, DC 20006
(202) 955-0620
jconde@boydengray.com

** Lead Counsel and Counsel of Record for Plaintiffs-Appellants Florida Agency for Health Care Administration and Florida Department of Management Services*

Glenn Rininger
*General Counsel*
FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION
2727 Mahan Drive, Mail Stop #3
Tallahassee, Florida 32308
(850) 412-3686
Glenn.Rininger@
ahca.myflorida.com

*Counsel of Record for Plaintiff-Appellant Florida Agency for Health Care Administration*

David A. Cortman
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road NE,
Suite D1100
Lawrenceville, Georgia 30043
(770) 339-0774
(770) 339-6744 (fax)
dcortman@ADFlegal.org

* *Counsel of Record for Plaintiff-Appellant Catholic Medical Association*

Kristen Larson
*General Counsel*
FLORIDA DEPARTMENT OF MANAGEMENT SERVICES
4050 Esplanade Way
Tallahassee, Florida 32399
(850) 922-2137
kristen.larson@dms.fl.gov

*Counsel of Record for Plaintiff-Appellant Florida Department of Management Services*

# <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this petition complies with the type-volume limitations of Federal Rule of Appellate Procedure 40(d)(3)(A) because it contains 2,213 words, excluding the parts exempted by Rule 32(f). This petition complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)–(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook and 14-point font.

Dated: October 19, 2026

<u>/s/ *James R. Conde*</u>
James R. Conde

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, I electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system, which will serve all parties automatically.

Dated: October 19, 2026

/s/ *James R. Conde*
James R. Conde